## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARCELO INSUASTI,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**VB3, LLC, GIUSEPPE RUSSO,<br>individually, GARY LEFF, individually,<br>and RICKY LEFF, individually,**<br><br>    **Defendants.** | Civil Action No.:<br><br><br>**CLASS AND COLLECTIVE ACTION<br>COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff MARCELO INSUASTI ("Plaintiff" or "Insuasti"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, VB3, LLC, ("corporate Defendant" or "VB3"), GIUSEPPE RUSSO, individually ("Russo"), GARY LEFF, individually, ("Leff"), individually, and RICKY LEFF, individually ("Ricky Leff"), and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this lawsuit seeking recovery against Defendants for their violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.    Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other similarly situated non-exempt restaurant workers, for damages as a result of Defendant's violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3.      Plaintiff brings this lawsuit against Defendants as a class action on behalf of himself and all other non-exempt restaurant workers, for damages as a result of Defendant's violations of the NJWHL pursuant to the class action provisions of Fed.R.Civ. P, Rule 23.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5.      This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      At all times material hereto, Plaintiff performed non-exempt kitchen and maintenance duties for the Defendants in Jersey City, Hudson County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

8.      At all times pertinent to this Complaint, the Defendant, VB3, LLC, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, in part, Defendants purchase food and supplies from all over the metropolitan area.  Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers.  Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

9.   Plaintiff Insuasti is an adult individual who is a resident of Jersey City, Hudson County, New Jersey.

10.   Plaintiff Insuasti was employed by Defendants full time as a non-exempt restaurant worker, from in or about 2012, through in or about June, 2017.

11.   Upon information and belief, the Defendants own and/or maintain a restaurant that provides dining for its patrons throughout the State of New Jersey as well as neighboring states.

12.   Upon information and belief, the Defendant, VB3, is headquartered in Jersey City, Hudson County, New Jersey.

13.   Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

14.   Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

15.   At all times relevant to this Complaint, the Defendants are and were employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## CLASS AND COLLECTIVE ALLEGATIONS

16.   This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

17.   This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

18.   The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the

collective action are all victims of the Defendants' common policy and/or plan to violate the

FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one-half times

the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to

29 U.S.C. § 207.

19.    The putative class is so numerous that joinder of all members is impracticable.

20.    The size of the putative class is believed to be in excess of 60 employees.  In

addition, the names of all potential members of the putative class are not known.

21.    The claims of the Named Plaintiff are typical of the claims of the putative class.

22.    The Named Plaintiff and the putative class members were all subject to

Defendants' policies and willful practices of failing to pay employees all earned overtime wages.

The Named Plaintiff and the putative class members thus have sustained similar injuries as a

result of Defendants' actions.

23.    Upon information and belief, Defendants uniformly apply the same employment

policies, practices, and procedures to all employees who work at the Defendants' location.

24.    The Named Plaintiff and his counsel will fairly and adequately protect the

interests of the putative class.  The Named Plaintiff has retained counsel experienced in complex

wage and hour class and collective action litigation.

25.    A class action is superior to other available methods for the fair and efficient

adjudication of this controversy.  The individual Named Plaintiff and putative class lack the

financial resources to adequately prosecute separate lawsuits against Defendants.  Furthermore,

the damages for each individual are small compared to the expense and burden of individual

prosecution of this litigation.

26.    This action is properly maintainable as a collective action pursuant to § 216(b) of

the FLSA.

27.  Plaintiff's claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

28.  A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

29.  Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for the overtime hours that he worked in a work week.

30.  Among other duties, Plaintiff made pizzas, was a line cook, and repaired and maintained kitchen equipment for Defendants.

31.  Plaintiff was paid $850.00 per week.

32.  Plaintiff routinely worked five (5) days per week.

33.  Plaintiff usually did not work on Tuesdays and Sundays.

34.  Plaintiff worked fifty-two (52) hours per week.

35.  Plaintiff worked on Monday from 9:30 am until 10:30 pm, Wednesday from 9:30 am until 6:00 pm, Thursday 9:30 am until 6:00 pm, Friday 9:30 am until 6:00 pm, and Saturday from 11:00 am until 12:30 pm.

36.  Plaintiff did not get a lunch break.

37.  Plaintiff was not paid one and one half  times his regular rate of pay for the hours that he worked in excess of forty (40) in a work week.

38.     Upon information and belief, employees similarly situated to Plaintiff were also compensated improperly.

39.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

40.     At all times material hereto, Plaintiff and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

41.     This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

42.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

43.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

44.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

45.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after April, 2015.

46.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

47.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the preceding paragraphs.

48.     Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

49.      Defendants knowingly and willfully failed to pay Plaintiff at one and one half times his regular rate of pay for his overtime hours worked in a work period.

50.     All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

51.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

52.      As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

**COUNT III**
**RECOVERY OF OVERTIME WAGES**
**PURSUANT TO THE NJWHL**

53.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the preceding paragraphs.

54.     Defendants' aforementioned conduct is in violation of the NJWHL.

55.     As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

56.     Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, MARCELO INSUASTI, and those similarly situated employees, demand judgment, against Defendant VB3, LLC, GIUSEPPE RUSSO, individually, GARY LEFF, individually, and RICKY LEFF, individually, for the payment of compensation for all hours due them and overtime hours due them, for the lunch hours worked by them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.


Dated: April 11, 2018                           Respectfully submitted,

                                                /s Andrew I. Glenn
                                                Andrew I. Glenn
                                                E-mail: AGlenn@JaffeGlenn.com
                                                New Jersey Bar No.: 026491992
                                                Jodi J. Jaffe
                                                E-mail: JJaffe@JaffeGlenn.com
                                                New Jersey Bar No.: 022351993
                                                **JAFFE GLENN LAW GROUP, P.A.**
                                                301 N. Harrison Street, Suite 9F, #306
                                                Princeton, New Jersey 08540
                                                Telephone: (201) 687-9977
                                                Facsimile: (201) 595-0308
                                                *Attorneys for Plaintiff*